UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORNA SPORTS, S.L., <br> Plaintiff <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br> Defendants | No. 25-cv-09740 <br><br> Judge Jeremy C. Daniel |

### ORDER

The Court finds that plaintiff's counsel violated Rule 11(b)(3) and imposes a sanction of $500 on plaintiff's counsel. Plaintiff's counsel shall pay that sanction on or before September 16, 2025.

### STATEMENT

The plaintiff moved to seal Schedule A to the complaint, which named the defendants and the defendants' online marketplace accounts. (R. 8 at 1.)[1] The plaintiff claimed that a temporary seal was necessary to "prevent the [d]efendants from learning of these proceedings prior to the execution of the temporary restraining order." (*Id.*) The plaintiff claimed that, "[i]f [d]efendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief." (*Id.*)

Concerned with the "speculative and generalized" nature of the plaintiff's factual contentions in support of its motion, and concerned that the plaintiff had not conducted an inquiry reasonable under the circumstances, the Court issued a rule to show cause. (R. 13.) The rule to show cause explained that the "plaintiff claims that

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

the defendants would destroy evidence and hide or transfer assets," and ordered the plaintiff to show "why it had not violated Fed. R. Civ. P. 11(b) by making generalized assertions not specific to the defendants named in this lawsuit." (*Id.*)

The plaintiff has since amended its complaint, reducing the number of defendants from 119 to 1. (R. 15.) The plaintiff filed its amended Schedule A under seal. (*Id.*) It did so without filing a motion seeking leave to file the amended Schedule A under seal, despite the Court's prior denial of the plaintiff's motion to file the original Schedule A under seal.

The plaintiff also filed a response to the rule to show cause. (R. 16.) That response focused on the complaint the plaintiff filed—not the motion to seal which was the subject of the rule to show cause. At the rule to show cause hearing, the Court asked plaintiff's counsel what evidence supported the plaintiff's assertion that the defendants named in this case would either destroy evidence or transfer assets. Plaintiff's counsel repeatedly pointed to his experience dealing with other defendants in other cases. When pressed on his experience with the original 119 defendants named in this case ("Do you have any experience with these defendants?"), plaintiff's counsel admitted that he had not yet encountered the lone defendant remaining in this case ("This particular defendants, no."). (Plaintiff's counsel never addressed whether he had prior experience with the other 118 defendants named in the original Schedule A.)

Plaintiff's counsel also argued that, because the defendant is a willful counterfeiter, the Court should assume, as plaintiff's counsel did, that the defendant would have a strong motive to withdraw any funds and move them outside of the Court's jurisdiction.

Rule 11(b)(3) states, "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Here, the plaintiff made the factual contention that "the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets" if the defendants were to learn of these proceedings prematurely. The plaintiff has not provided any evidentiary support for this contention and has not shown that this contention is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

To start, plaintiff's counsel conceded that he has no prior experience with Meng Sen Sen, the lone defendant named in the amended Schedule A in this case. Further, plaintiff's counsel has not identified any investigation into whether the defendant has either destroyed evidence or transferred assets in any other case. The same is true for the other 118 defendants named in the original Schedule A in this case. That means plaintiff's counsel cannot claim that this defendant did something in a prior case that supports an inference that the defendant would do something similar in this case.

Further, the fact that other defendants in other cases have either destroyed evidence or transferred assets has no bearing on the defendants named in this case. This is particularly true where the plaintiff has done nothing—other than allege that they are all foreign counterfeiters—to connect the defendants in this case to the defendants in other cases. In other words, the plaintiff has not provided any evidentiary support for this contention. Moreover, plaintiff's counsel's claim, in its simplest form, is that the Court should treat these defendants like the other defendants because they are all the same. That is not only conclusory and speculative, but also offensive to notions of justice. The Court emphatically rejects plaintiff's counsel's claim.

The lack of evidentiary support for the plaintiff's claim that the defendants named in this case would either destroy evidence or transfer assets leads the Court to conclude that the plaintiff failed to conduct a reasonable investigation of the facts necessary to support that claim. *See, e.g., Retired Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.,* 145 F.3d 929, 934 (7th Cir. 1998) (concluding that a reasonable inquiry before filing a class action must include some investigation into whether the plaintiff can satisfy the four prerequisites to a class action); *see also, e.g., Durr v. Intercounty Title Co.,* 14 F.3d 1183, 1188 (7th Cir.1994) (affirming Rule 11 sanctions where the plaintiff "took the simple $8.00 overcharge and assumed that [the defendant] had made similar overcharges in the past"). Because the plaintiff failed to conduct a reasonable investigation into whether these defendants had or would destroy evidence or transfer assets, the Court finds that plaintiff's counsel violated Rule 11(b)(3).

As a sanction, the Court imposes a penalty of $500, payable to the Court. The Court finds a monetary sanction necessary to deter repetition of this conduct. For instance, at the rule to show cause hearing, when asked why the plaintiff filed the amended Schedule A under seal when the Court denied the motion to seal the original Schedule A, plaintiff's counsel replied, "I think we just out of habit do that." Setting aside the Rule 11 implications in that response, the Court finds the response unsurprising because this plaintiff often files documents with the Court that appear to originate from the same template. The point here is that Rule 11 requires a certification as to each pleading, written motion, or other paper filed with the Court—that includes routine filings. The Court also finds a monetary sanction necessary to deter comparable conduct by others similarly situated.

Date: September 2, 2025

JEREMY C. DANIEL
United States District Judge