**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DORNA SPORTS, S.L., | |
|       Plaintiff, | |
| v. | Case No.: 25-cv-9740 |
| | Judge Jeremy C. Daniel |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | Magistrate Judge M. David Weisman |
|       Defendants. | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER OF SEPTEMBER 2, 2025 [DKT. NO. 18]

Plaintiff DORNA SPORTS, S.L. ("Plaintiff"), and its attorneys Hughes Socol Piers Resnick & Dym, Ltd., respectfully request this Honorable Court to reconsider the Court's Order of September 2, 2025, directing Plaintiff's counsel to pay a sanction of $500.00 for violating Fed. R. Civ. P. 11(b)(3) [Dkt. No. 18], and in support thereof state:

### I.      INTRODUCTION

Plaintiff respectfully requests this Court to reconsider the September 2, 2025, Order which directed Plaintiff's counsel to pay the Court $500.00 as a sanction for violating Rule 11 (b)(3) for its request to seal the record as to Defendant No. 24 "MENG SEN SEN" ("Defendant"). [Dkt. No. 18]. Plaintiff has newly discovered evidence indicating an immediate harm to Plaintiff that would warrant sealing the record as well as this Court's misapplication of the law in its issuance of sanctions for Plaintiff requesting the record to be sealed as part of its lawsuit against Defendant.

As a result, Plaintiff and Plaintiff's counsel respectfully request this Court to vacate the September 2, 2025, Order and to enter a stay on the payment of the five hundred dollar ($500.00) fine which is due on September 16, 2025 [Dkt. No. 18] until this Court has ruled on the present motion.

## II.     STATEMENT OF FACTS

On August 15, 2025, Plaintiff filed a Complaint against one hundred nineteen (119) defendants for trademark infringement and counterfeiting (Count I); false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). [Dkt. No. 1].

On August 18, 2025, this Court raised the issue of the propriety of joinder and required Plaintiff to file a supplemental memorandum addressing the propriety of joining one hundred nineteen (119) defendants by August 29, 2025. [Dkt. No. 12]. Alternatively, by the same date, this Court granted Plaintiff leave to file an Amended Complaint naming one or more defendants; however, if Plaintiff names multiple defendants, Plaintiff must show that joinder of those defendants is proper. *Id.* On August 28, 2025, Plaintiff filed an Amended Complaint against a single defendant – Defendant No. 24 "MENG SEN SEN" ("Defendant") for trademark infringement and counterfeiting (Count I); false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). [Dkt. Nos. 14, 15].

Also on August 18, 2025, this Court directed Plaintiff to show cause why it has not violated Fed. R. Civ. P. 11(b) by making generalized assertions not specific to the defendants named in this lawsuit and set a hearing date of September 2, 2025. [Dkt. No. 13].

2

On August 28, 2025, Plaintiff filed a Memorandum in Response to the Order of August 18, 2015, detailing the scope and effect of counterfeiting in the United States in general and evidentiary proof against Defendant.

### III.    LEGAL STANDARD

"The purpose of a motion to reconsider is narrow." *Ellenby Techs., Inc. v. Fireking Sec. Grp.*, 2021 WL 1387870, at *2 (N.D. Ill. Apr. 13, 2021). "A movant must demonstrate a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). "Courts narrowly construe this standard and apply it strictly against the moving party so as to avoid repetitive arguments on issues that have already been considered fully by the court." *Colodney v. Continuum Health Partners, Inc.,* 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004) (quotes omitted).

### IV.    ARGUMENT

#### a.  Sufficient Reason Exists to Seal this Matter

On September 2, 2025, this Court determined that a sanction in the amount of five hundred dollars ($500.00) pursuant to Fed. R. Civ. P. 11(b)(3) was warranted because "plaintiff failed to conduct a reasonable investigation into whether these defendants had or would destroy evidence or transfer assets …" [Dkt. No. 18, pg. 3].

Fed. R. Civ. P. 11(b)(3) states: "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Upon further investigation, Plaintiff has additional reason to believe that Defendant would be tipped off about the present proceedings and, as a result, a motion to seal certain portions of the record is necessary to prevent the dissipation of assets or the spoliation of evidence. On September 11, 2025, Plaintiff reviewed the website SellerDefense.cn which is widely used by defendants to monitor and alert them of pending trademark infringement suits. *See* Exhibit A – Declaration of Luis Figueroa, ¶ 4. As part of Plaintiff's review, Plaintiff discovered that the present matter was listed on the website SellerDefense, which identified the State where this matter was filed and the case number. *Id.* Additionally, a link on the website provided access to copies of Plaintiff's Trademark Registrations, the names of some of the impacted e-commerce platforms and links to potential defense counsel and the SellerDefense official WeChat account. *Id.* at ¶ 5. As a result of Plaintiff's investigation, Plaintiff's suspicions that Defendant may become informed of the proceedings against it are founded based on its discovery that the present matter was listed on SellerDefense.cn.

Plaintiff's request to seal specific pleadings was narrowly tailored to include only those documents that would alert Defendant that a case has been filed against it, namely: (1) Plaintiff's Amended Schedule A attached to its Amended Complaint, which identified Defendant's Online Marketplace Account; and (2) the screenshot printout with the link to Defendant's Internet Store. Additionally, Plaintiff's request to seal certain parts of the record was for a short duration of time to prevent the destruction of documentary evidence and transferring of assets to foreign jurisdictions which would interfere with this Court's power to grant relief. Once the e-commerce

platform confirms that a restraint was enacted, Plaintiff would promptly move to unseal the restricted documents.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or to present newly discovered evidence." In the present matter, Plaintiff's newly discovered evidence supports its assertion that a motion to seal certain portions of the record is sufficient to vacate this Court's Order of September 2, 2025 which imposed a five hundred dollar ($500.00) fine. [Dkt. No. 18].

### b. This Court Has Previously Granted Plaintiff's Motion to Seal

In prior trademark infringement and counterfeiting cases, this Court granted Plaintiff's motions to seal portions of the record without issue. *See Blue Sphere, Inc. d/b/a Lucky 13, et al.v. The Partnerships et al.,* No. 24-cv-11376 (Daniel, J.) (N.D. Ill. November 26, 2024) (unpublished) [Dkt. Nos. 31, 34] and *Moomin Characters OY Ltd.,* No. 25-cv-4307 (Daniel, J.) (N.D. Ill. April 24, 2025) (unpublished) [Dkt. No. 12].

In both matters, this Court directed Plaintiff to file an Amended Complaint to address its concerns regarding joinder, as it did in the present matter. In both matters, Plaintiff severed its complaint down to only one (1) defendant. The Court entered default judgment against the sole remaining defendant without issue and did not raise any issues regarding Plaintiff's pre-investigation attempts prior to filing the motion to seal.

This Court has also granted Plaintiff's Motion to Seal without issue in another case filed by the same named Plaintiff. *See Dorna Sports, S.L. v. The Partnerships et al.,* No. 25-cv-1025 (Daniel, J.) (N.D. Ill. February 6, 2025) (unpublished) [Dkt. No. 24].

Other judges in this district have also granted Plaintiff's Motion to Seal portions of the record without issue. *See Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3227 (J.,

Kness) (N.D. Ill. July 5, 2023) [Dkt. No. 27]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3375 (J., Cummings) (N.D. Ill. December 8, 2023) [Dkt. No. 40]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3410 (J., Tharp) (N.D. Ill. June 2, 2023) [Dkt. No. 27]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3618 (J., Gettleman) (N.D. Ill. June 8, 2023) [Dkt. No. 18]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3645 (J., Leinenweber) (N.D. Ill. June 13, 2023) [Dkt. No. 18]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3678 (J., Kness) (N.D. Ill. July 10, 2023) [Dkt. No. 20]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3746 (J., Ellis) (N.D. Ill. June 15, 2023) [Dkt. No. 18]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3863 (J., Valderrama) (N.D. Ill. June 23, 2023) [Dkt. No. 18]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3904 (J., Coleman) (N.D. Ill. July 5, 2023) [Dkt. No. 22]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-3936 (J., Alonso) (N.D. Ill. June 27, 2023) [Dkt. No. 22]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 23-cv-4410 (J., Kness) (N.D. Ill. September 18, 2023) [Dkt. No. 30]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 24-cv-5114 (J., Cummings) (N.D. Ill. July 30, 2024) [Dkt. No. 18]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 24-cv-5114 (J., Cummings) (N.D. Ill. July 30, 2024) [Dkt. No. 18]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 24-cv-5115 (J., Shah) (N.D. Ill. July 23, 2024) [Dkt. No. 22]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 24-cv-7704 (J., Ellis) (N.D. Ill. August 29, 2024) [Dkt. No. 26]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 24-cv-8273 (J., Valderrama) (N.D. Ill. September 13, 2024) [Dkt. No. 26]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 24-cv-11676 (J., Coleman) (N.D. Ill. January 7, 2024) [Dkt. No. 25]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 25-cv-1995 (J., Valderrama) (N.D. Ill. March 14, 2025) [Dkt. No. 16]; *Dorna Sports, S.L. v. The Partnerships et al.,* No. 25-cv-3427 (J., Bucklo) (N.D. Ill. April 15, 2025) [Dkt. No. 19].

In an effort to maintain consistency of rulings, Plaintiff respectfully requests this Court to vacate its September 2, 2025, ruling issuing sanctions.

### c. The Conduct Did Not Rise to a Level Requiring the Imposition of Rule 11(b)(3) Sanctions

Plaintiff filed its Motion to Seal in good faith and the filing of such a routine motion does not warrant sanctions pursuant to Rule 11(b)(3). "Determining whether an attorney has violated Rule 11 involves a consideration of three types of issues. The court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper. Legal issues are raised in considering whether a pleading is 'warranted by existing law or a good faith argument' for changing the law and whether the attorney's conduct violated Rule 11. Finally, the district court must exercise its discretion to tailor an appropriate sanction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399, 110 S. Ct. 2447, 2457, 110 L. Ed. 2d 359 (1990). "Federal Rule of Civil Procedure 11 requires an attorney to undertake a reasonable inquiry before filing court papers and prohibits attorneys from filing frivolous documents that are filed for an improper purpose, that are not warranted by existing law or a nonfrivolous argument for the extension of existing law, or that do not have evidentiary support. Fed. R. Civ. P. 11(b). Non-compliance with Rule 11(b) subjects the counsel and parties to sanctions under Rule 11(c)." *Vildaver v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 94 C 3041, 1996 WL 153700, at *1 (N.D. Ill. Apr. 1, 1996). "Sanctions can then be imposed if the court finds that the party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' " *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004).

In the present case, this Court did not make a finding that Plaintiff or its counsel acted in bad faith, vexatiously, wantonly or for oppressive reasons. Plaintiff's Motion to Seal [Dkt. No. 8]

was filed in good faith and with sufficient belief that in the absence of filing such a motion, the defendant may destroy evidence or transfer assets outside of this Court's jurisdiction.

To prevail on a motion for reconsideration, " [ a ] movant must demonstrate a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

This Court's issuance of the September 2, 2025, Order [Dkt. No. 18] was done in error. Sanctions were not warranted because Plaintiff's actions do not rise to the level of wanton or vexatious conduct. Additionally, this Court never warned Plaintiff or its counsel that the filing of such motion was in anyway offensive. As a result, this Court's imposition of sanctions was overly broad and excessive and should be reconsidered/withdrawn.

### d.  The Court's Rule to Show Cause Order was Ambiguous

This Court's rule to show cause order was ambiguous and did not afford Plaintiff or its counsel an opportunity to address its concerns. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). "In order to sanction a party under its inherent power, a court must provide notice of its intention to impose sanctions and give the party an opportunity to respond. Sanctions can then be imposed if the court finds that the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...." *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004).

8

"Rule 11 provides a specific procedure to be followed when sanctions are considered. Before 'impos[ing] Rule 11 sanctions on its own initiative,' the district court 'must first enter an order describing the *specific conduct* that appears to violate Rule 11(b), and direct the attorney to show cause why he has not violated the rule.'" (emphasis included) *In re Sanford L. Firm*, 106 F.4th 706, 716 (8th Cir. 2024). "A district court must limit a sanction imposed under Rule 11 to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. ... The district court's 'order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.' Rule 11 does not license a district court to sanction any action by an attorney or party that it disapproves of. Imposition of sanctions must be based on a pleading, motion or other paper signed and filed in federal court. A district court's 'findings of frivolous litigation, dilatory tactics, or bad faith are insufficient to support the award of sanctions under Rule 11." *Id.*

On August 18, 2025, this Court issued a Minute Order which raised the propriety of joinder and required Plaintiff to file a supplemental memorandum on or before August 29, 2025, or file an amended complaint naming one or more defendants. [Dkt. No. 12]. Immediately after issuing the aforementioned Minute Order, this Court issued an order denying Plaintiff's Motion to Seal [Dkt. No. 8] because Plaintiff claimed "that the defendants would destroy evidence and hide or transfer assets, which would frustrate the plaintiff's ability to secure relief" but "plaintiff has not presented any evidence to support these claims." [Dkt. No. 13]. This Court stated that "… plaintiff's claims are so speculative and generalized that the Court questions whether the plaintiff conducted an inquiry reasonable under the circumstances and whether the factual contentions have any evidentiary support. Consequently, the Court orders the plaintiff to show cause why it has not violated Fed. R. Civ. P. 11(b) by making generalized assertions not specific to the defendants

9

named in this lawsuit. The rule to show cause hearing is set for September 2, 2025, at 9:30 a.m." *Id.*

This Court did not reference Plaintiff's Motion to Seal in the portion of its Order devoted to the rule to show cause, nor did this Court provide Plaintiff with an opportunity to address this Court's concerns in writing. Since the Court had already denied Plaintiff's Motion to Seal, Plaintiff and its counsel interpreted this Court's basis for the rule to show cause to be that Plaintiff allegedly failed to sufficiently support the claims in its Complaint. [Dkt. No. 1]. As a result, in Plaintiff's Response to this Court's Rule to Show Cause [Dkt. No. 16], Plaintiff demonstrated how the claims in its complaint were sufficiently supported rather than addressing the Motion to Seal, which had already been denied.

As a result, due to the ambiguity of this Court's August 18, 2025, Minute Order [Dkt. No. 13] Plaintiff respectfully requests this Court to vacate its sanction of five hundred dollars ($500.00).

### e. Absolute Certainty is Not Necessary at this Stage of Litigation

"Although Rule 11 imposes a duty of reasonable inquiry as to the facts set forth in a pleading, *Dura Systems, Inc. v. Rothbury Investments, Ltd.*, 886 F.2d 551, 556 (3d Cir. 1989), "[i]t is not necessary that an investigation into the facts be carried to the point of absolute certainty." *Forbes v. Eagleson* , 228 F.3d 471, 488 (3d Cir. 2000), citing *Kraemer v. Grant County,* 892 F.2d 686, 689 (7th Cir. 1990).

Only some affirmation investigation is required to satisfy a reasonable inquiry. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (sanctions imposed where attorney could have obtained needed copyright information simply by examining Barbie doll heads). In contrast to *Christian v. Mattel, Inc.*, the relevant information required to prove Defendant is likely

to destroy relevant evidence and hide or transfer assets is not attainable. In fact, the only way to prove this to "the point of absolute certainty" would be for Defendant to have destroyed evidence and hide or transfer assets. *Kraemer v. Grant County, 892 F.2d 686, 689* (7th Cir. 1990). Plaintiff's Motion to Seal [Dkt. No. 8] was filed to preemptively protect Plaintiff and its intellectual property. If Plaintiff's counsel did not seek to file its pleading under seal, then counsel would not be representing its client to the best of its abilities.

There have been multiple cases that demonstrate counterfeiters intention to evade enforcement, remove the current infringing internet store, and create a new one. In *The North Face Apparel Corp. v. Fujian Sharing Imp. & Exp. LTD. Co.*, No. 10 CIV. 1630 (AKH), 2011 WL 12908845 (S.D.N.Y. June 24, 2011), the online counterfeiter, Fujian Sharing Import & Export Ltd., avoided liability and switched to new websites when a previous one was shut down. *Id.* at 1. *See also Dish Network LLC v. Dillion*, No. 12CV157 BTM NLS, 2012 WL 368214 (S.D. Cal. Feb. 3, 2012); *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 37 (S.D.N.Y. 2015). Therefore, Plaintiff's request to seal certain documents to avoid the destruction of evidence is not unreasonable due to the fact that online counterfeiters routinely remove infringing stores and create new ones.

### f. Authority Cited in the September 2, 2025, Order is Not Comparable

The September 2, 2025, Minute Order supported the imposition of sanctions on the grounds of two 7th Circuit cases, *Retired Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.*, 145 F.3d 929, 934 (7th Cir. 1998) and *Durr v. Intercounty Title Co.*, 14 F.3d 1183, 1188 (7th Cir.1994). Not only do both of these cases differ from the matter at hand (a § 1983 class action suit in *Retired Chi. Police Ass'n* and a Real Estate Settlement Procedures Act suit in *Durr*), the

reasoning provided for sanctions differs from the current matter. The differences in each case are discussed in detail below.

    *i.   Retired Chi. Police Ass'n Firemen's Annuity & Benefit Fund of Chicago*

In the September 2, 2025, Minute Order, this Court cited *Retired Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.*, 145 F.3d 929, 934 (7th Cir. 1998), for the proposition "that a reasonable inquiry before filing a class action must include some investigation into whether the plaintiff can satisfy the four prerequisites to a class action." [Dkt. No. 18, page 3]. *Retired Chi. Police Ass'n* referred to Fed.R.Civ.P. 23(a) in its analysis, which provides that "[a] reasonable inquiry before filing a class action must include some investigation into whether the plaintiff can satisfy the four prerequisites to class certification." *Retired Chi. Police Ass'n*, 145 F.3d at 934.

However, the sanctions imposed in *Retired Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.* differ starkly from the matter at hand. First, this Court imposed sanctions on Plaintiff's Motion to Seal [Dkt. No. 8]:

> "If Defendants were to learn of these proceedings prematurely, the **likely** result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief."

[Dkt. No. 8]. (emphasis added)

The order to show cause did not address the prerequisites needed to bring the alleged claims in Plaintiff's Complaint or Amended Complaint. The court in *Retired Chi. Police Ass'n* stated that plaintiff's counsel "did not conduct a factual inquiry about the promises and filed claims that had no basis in fact." Here, Plaintiff's counsel conducted a factual inquiry and had a basis for its claims. In fact, a Federal Circuit patent infringement case, where the analysis is more similar to the current trademark infringement matter than the class action suit in *Retired Chi. Police Ass'n*, was found to be supported by a sufficient factual basis where the plaintiff obtained a sample of the accused

product, reviewed statements made in the advertising and labeling of the accused product, and compared the claims of the patent with the accused product. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004).

In the present case, Plaintiff purchased the accused product on June 28, 2025; reviewed the statements made in the advertising and labeling of the accused product; and compared Plaintiff's trademark registration with Defendant's Internet Store and accused product. *See* Exhibit B – Confirmation of Sale and Exhibit C – Evidence of Infringement. As such, Plaintiff does not need to prove to a point of absolute certainty that Defendant would destroy any relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions.

ii. *Durr v. Intercounty Title Co.,* 14 F.3d 1183, 1188 (7ht Cir. 1994)

The September 2, 2025, Order also cited to *Durr v. Intercounty Title Co.,* 14 F.3d 1183, 1188 (7th Cir.1994) which is not similar to the present matter. *Id.*

In *Durr*, plaintiff attempted to turn a "petty dispute into a big ticket lawsuit" by alleging that the $8.00 overcharge he encountered was a repetitive behavior by the defendant. *Id.* The plaintiff's complaint sought recovery on behalf of "all other persons who have been improperly overcharged for settlement services by the defendant...." *Id.* The plaintiff in *Durr* never made an appropriate inquiry into whether this was an isolated incident. That differs from the present matter. Here, Plaintiff stated that Defendant is *likely* to destroy evidence and/or hide or transfer assets. [Dkt. No. 8]. Plaintiff's contention is appropriate based on the common practices of online counterfeiters and their efforts to avoid enforcement. *See The North Face Apparel Corp. v. Fujian Sharing Imp. & Exp. LTD. Co.*, No. 10 CIV. 1630 (AKH), 2011 WL 12908845 (S.D.N.Y. June 24, 2011).

## V.        CONCLUSION

For the reasons set forth above, Plaintiff and its counsel respectfully request this Court to vacate the September 2, 2025, Order issuing sanctions stemming from Plaintiff's filing of its Motion to Seal. [Dkt. No. 8] and to enter a stay on the payment of the five hundred dollar ($500.00) fine which is due on September 16, 2025 [Dkt. No. 18] until this Court has ruled on the present motion. Plaintiff filed its Motion to Seal [Dkt. No. 8] based in good faith following a diligent investigation and this Court's imposition of sanctions was not warranted.

Respectfully submitted,

Dated:  September 16, 2025

By:      s/Michael A. Hierl_____
         Michael A. Hierl
         William B. Kalbac
         Robert P. McMurray
         John Wilson
         Elizabeth A. Miller
         Hughes Socol Piers Resnick & Dym, Ltd.
         Three First National Plaza
         70 W. Madison Street, Suite 4000
         Chicago, Illinois 60602
         (312) 580-0100 Telephone
         (312) 580-1994 Facsimile
         mhierl@hsplegal.com

         Attorneys for Plaintiff
         DORNA SPORTS, S.L.

14

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing

Plaintiff's Motion for Reconsideration was filed electronically with the Clerk of the Court and

served on all counsel of record and interested parties via the CM/ECF system on September 16,

2025.

s/Michael A. Hierl
Michael A. Hierl